**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

                    v.                                        12-CR-29A
                                                   **DECISION AND ORDER**

THERESA ANDERSON,

                    Defendant.
_____

      This case is before the Court on the Defendant's motion for reconsideration of the Court's Order reducing the Defendant's sentence.  *See* Docket No. 299.  The Court denies the Defendant's motion to the extent that she seeks a sentence lower than the reduced sentence the Court imposed on June 23, 2016.  The Court grants the Defendant's motion to the extent that she asks the Court to state its reasons for reducing her sentence to 168 months' imprisonment.  Set forth below are the reasons for the Court's reduced sentence.

## BACKGROUND

      The Defendant led a major narcotics distribution conspiracy on the East Side of Buffalo that lasted at least five years and, possibly, as long as a decade.  Presentence Investigation Report (PSR) ¶¶ 14, 15, 17.  Over the course of the conspiracy, the Defendant and her coconspirators—who included three of her children, her niece, her granddaughter, and others—purchased a number of properties, all on dead-end streets "bounded by railroad tracks," thus effectively "shield[ing]" the Defendant's operation "from effective law enforcement surveillance."  PSR ¶ 22.  As part of the conspiracy, the Defendant directed members of her organization "to work in shifts that covered 24 hours per day, seven days per week."  *Id.* ¶ 23.  Specifically, the Defendant "controlled which

member worked [which] shifts, and thereby controlled each member of the organization's profit opportunity." *Id.*  The result of this operation was a "revolving door of activity" (*id.* ¶ 15 (quotation marks omitted)), and an effective "monopol[y]" on the sale of crack cocaine in the area in which the Defendant operated. *Id.* ¶ 29.

The Defendant was ultimately charged in 25 counts of a 33-count indictment. The first count of the indictment, which alleged that the Defendant engaged in a continuing criminal enterprise, carried a mandatory minimum sentence of 20 years.  *See* 21 U.S.C. § 848(a).   On June 27, 2013, the Defendant pled guilty to a one-count superseding information, which alleged that the Defendant conspired to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base.  *See* 21 U.S.C. § 846, § 841(a)(1) and § 841(b)(1)(B).   At the time of sentencing, the Defendant's adjusted offense level was 33, and her criminal history category was III, resulting in a Guidelines imprisonment range of 168 to 210 months.   The Court sentenced the Defendant to 188 months' imprisonment—a sentence slightly below the midpoint of the Guidelines' range.

The next year, the Defendant sought a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the U.S. Sentencing Commission's Amendment 782. Neither party disputes that, as a result of that amendment, the Defendant's adjusted offense level is now 31.  With a criminal history category of III, the Defendant's new range for imprisonment is 135-168 months.  In response to the Defendant's motion, the Government acknowledged that the Defendant was eligible for a reduced sentence, but it urged the Court to deny the Defendant's motion entirely.  The Court instead granted

the motion in part, reducing the Defendant's sentence to 168 months' imprisonment, a sentence at the high end of the reduced sentencing range.

## DISCUSSION

"[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the sentencing court to reduce his or her sentence.  18 U.S.C. § 3582(c)(2). The sentencing court "may" then "reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  If a defendant is eligible for a sentence reduction under § 3582(c)(2)—a point neither party disputes in this case—then the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  In short, the Court must consider the § 3553(a) factors in determining "whether a reduction in the defendant's term of imprisonment is warranted" and, if a reduction is warranted, "the extent of such reduction."  U.S.S.G. § 1B1.10 cmt. n.1(B)(i) (2015).

In addition to the § 3553(a) factors, two other factors are relevant to a court's consideration of a § 3582(c)(2) motion.  First, the court "*shall* consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  *Id.* cmt. n.1(B)(ii) (emphasis added).  Second, the Court "*may* consider post-sentencing conduct of the defendant

that occurred after imposition of the term of imprisonment." *Id.* cmt. n.1(B)(iii) (emphasis added).

The Court concludes, as it did when it originally granted the Defendant's motion for a sentence reduction, that a term of imprisonment of 168 months is "sufficient, but not greater than necessary, to comply with the purposes of sentencing" set forth in § 3553(a)(2). A 168-month term of imprisonment is also reasonable because of the "nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as public safety considerations and the Defendant's post-sentencing conduct.

The Defendant's criminal history began over 40 years ago. Her conviction in this case was her tenth overall, her third felony, and her second in this Court. With one exception, none of those convictions resulted in anything more than a term of probation or more than 30 days' imprisonment. And even the one exception (the Defendant's prior conviction in this Court) began by giving the Defendant a break: that conviction resulted from a plea of guilty to one count of using a communication facility to commit a drug felony, resulting in a four-year term of probation. PSR ¶ 56. The Defendant's adjustment to probation, however, was "poor," ultimately resulting in revocation of probation and 21 months' imprisonment. *Id.* In short, the Defendant's history and characteristics suggest that she has a proclivity to reoffend and that she has little "respect for the law." *See* § 3553(a)(1), (a)(2)(A). Moreover, the sentences imposed thus far clearly have not deterred the Defendant from engaging in further criminal activity. *See* § 3553(a)(2)(B).

Most significantly, however, the Court believes that a sentence lower than the Defendant's already-reduced sentence would severely minimize "the seriousness of [her] offense," would not "provide just punishment for the offense," and would not adequately "protect the public from further crimes of the defendant." § 3553(a)(2)(A), (a)(2)(C).  As the Defendant acknowledged, she sat at the top of a criminal organization that "monopolize[d] the crack cocaine sales" in the area in which she operated.  PSR ¶ 21.  The Defendant was far from a low-level dealer; she ran a sophisticated distribution network—complete with "counter-surveillance on law enforcement" (PSR ¶ 29)—in which she "directed" her coconspirators "to work in shifts that covered 24 hours per day, seven days per week."  PSR ¶ 23.  And the Defendant's work was profitable: she acknowledged that "she has primarily supported herself through distributing drugs." PSR ¶ 108.  Indeed, at the time her PSR was prepared, the Defendant had nine vehicles registered in her name, and she acknowledged that her drug proceeds had allowed her to purchase several pieces of real estate.  PSR ¶¶ 120, 122.

Without question, the Defendant's offense was an extremely serious one.  A term of imprisonment that the Defendant requests—approximately 151 months—is simply inadequate to reflect the seriousness of the Defendant's conduct, the extensive time period during which she operated, the sophistication of her operation, and the Defendant's role in what was obviously an elaborate drug distribution network.  For these reasons, the Court considered the possibility that, even though the Defendant is eligible for a reduced sentence under § 3582(c)(2), the § 3553(a) factors do not warrant a reduced sentence.  Likewise, the Court considered the fact that "the nature and

seriousness of the [Defendant's] danger to any person or the community" do not weigh in favor of a reduced sentence.  U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).

As noted, however, the Sentencing Guidelines provide that, when a defendant is eligible for a reduced sentence pursuant to § 3582(c)(2), the Court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."  *Id.* cmt. n.1(B)(iii).   The Defendant's post-sentence conduct is both substantial and commendable.   As of the date when the Supplemental PSR was prepared, the Defendant had been imprisoned for 44 months and had incurred no disciplinary incidents.  Supp. PSR. ¶ 14.  In addition to completing a 100-hour drug treatment program, she had also completed a number of classes in subjects such as mathematics, history, geography, and poetry.   All of this demonstrates that the Defendant appears to be making a concerted effort to use her time in prison productively and for self-improvement.   The Court has considered this admirable conduct in reducing the Defendant's sentence as it did.  *See also* § 3553(a)(2)(D).

Thus, after considering the nature and circumstances of the offense, the history and characteristics of the Defendant, the Defendant's post-sentence conduct, and the factors set forth in § 3553(a), the Court concludes that a reduced term of imprisonment of 168 months is reasonable, and that such a term is also sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2).

**SO ORDERED.**


Dated: August 16, 2016                        s/Richard J. Arcara_____
     Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                 UNITED STATES DISTRICT JUDGE