**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                                  12-CR-029-A
                                                             **ORDER**

THERESA ANDERSON,

        Defendant.

_____

The Defendant is currently serving a 168-month sentence after pleading guilty to conspiring to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).[1] The Defendant did not appeal her conviction or sentence, nor has she filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

The Defendant has, however, filed a *pro se* motion for free copies of her "full case court record and transcripts." Docket No. 340. For the reasons stated below, the Defendant's motion is denied without prejudice.

**DISCUSSION**

The relief the Defendant seeks is governed by two different statutes. The first, 28 U.S.C. § 2250, states that an indigent petitioner may be provided with free "copies of . . . documents or parts of the record on file." The statute, however, applies only "on an[] application for a writ of habeas corpus." *Id.* The Defendant, as noted, has not filed an application for a writ of habeas corpus.

The second statute governing the relief the Defendant seeks is

---

[1] The Defendant was originally sentenced to 188 months' imprisonment, but her sentence was later reduced pursuant to 18 U.S.C. § 3582(c)(2).

28 U.S.C. § 753(f). In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Second Circuit has held that both "the plain language and necessary operation" of § 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). Because, as noted, the Defendant has not filed a § 2255 motion, § 753(f) does not authorize the Court to provide the Defendant with free transcripts.

If the Defendant would like a copy of her docket sheet, or any other information contained in her docket, she must pay the appropriate fee to the Clerk of Court. *See* 28 U.S.C. § 1914. The fee for copies of the electronic docket sheet is $.10 per page. The cost for a copy of the docket sheet in this case is $ 2.30. Payment should be forwarded to the Clerk of Court and a copy of the docket will then be mailed to the Defendant.

## CONCLUSION

For the reasons stated above, the Defendant's motion for free transcripts is **DENIED** without prejudice; and

It is **FURTHER ORDERED** that the Defendant's request for free copies of various docket items is **DENIED** without prejudice.

Dated: June 20, 2018             _s/Richard J. Arcara_
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                         UNITED STATES DISTRICT JUDGE