UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.   **DECISION AND ORDER**
     12-CR-29-RJA

THERESA ANDERSON,

                Defendant.

---

     Defendant Theresa Anderson has filed a motion (Dkt. Nos. 347, 349) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  She is serving a 168-month sentence (*see* Dkt. Nos. 198, 298) for conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base.  Defendant acted as the "matriarch and leader" (Dkt. No. 196, ¶ 17) of a long-ranging, major narcotics distribution conspiracy on the East Side of Buffalo, New York, which was comprised of herself and eight co-defendants/ co-conspirators who are mostly her family members.  On July 31, 2020, the Federal Bureau of Prisons ("BOP") released Defendant (*see* Dkt. No. 355, pp. 5-6) to serve the remainder of her sentence of incarceration on home confinement, pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).[1]  She

---

[1] The CARES Act "expanded the authority of the BOP to transfer inmates to home confinement under certain conditions."  *United States v. Fairbanks*, Case # 17-CR-6124-FPG, 2021 WL 776982, 2021 U.S. Dist. LEXIS 37798, *7 (W.D.N.Y. Feb. 27, 2021).

is currently on home confinement and is being supervised by personnel at a designated halfway house.

Defendant is 66 years old, and she has a projected release date (meaning the date her home confinement will end) of January 13, 2024.[2] Her requested relief is that the Court reduce her sentence to time served so that she may immediately commence her 8-year, previously imposed period of supervised release during which she would be supervised by the United States Probation Office for the Western District of New York.

The Government has filed a response (Dkt. No. 355) indicating that it has no objection to Defendant's requested relief if she "complies with all other supervised release conditions and coordinates with USPO as to a residence approved by USPO."[3]

The Court finds that Defendant has presented extraordinary and compelling reasons justifying a modest sentence reduction.[4] It is undisputed that Defendant has earned all good time credit available to her, over the past 2 ½ years on home confinement she has posed no issues, and she participated in considerable

---

[2] *See Inmate Locator*, Federal Bureau of Prisons, Register Number 10224-055, https://www.bop.gov/inmateloc/ (last visited 3/10/2023).

[3] Defense counsel informally notified the Court that Defendant did not file reply papers because the motion is unopposed.

[4] The Government does not contest that the Court may determine the motion on the merits. *See* Dkt. No. 347-1 (Defendant's request for compassionate release to the BOP dated August 25, 2022); *see generally* Dkt. No. 355; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding the exhaustion requirement is "not a jurisdictional limitation" and it may therefore be waived or forfeited by the Government).

programming through the BOP.  Moreover, Defendant maintained clear disciplinary conduct during her period of incarceration.  See Dkt. No. 355, p. 6.

In addition to this evidence of rehabilitation, Defendant has presented well-documented evidence of extensive medical issues, which include hypercholesterolemia, hypertension, obstructive sleep apnea, congestive heart failure, emphysema, chronic obstructive pulmonary disease ("COPD") for which she requires 3 liters of oxygen therapy, type 2 diabetes mellitus, and asthma.  See Dkt. No. 349, pp. 8-9, 13-14, 18-22.   Defendant takes a laundry list of prescription medications for these conditions.  See Dkt. No. 349, pp. 10-12, 28-32.  Over the past two years or so, she has been hospitalized twice—in November 2020 after testing positive for COVID-19 and contracting pneumonia, requiring admission to the Intensive Care Unit; and in May 2022 for COPD-related complications, requiring a ten-day hospital stay.  See Dkt. No. 349, pp. 2, 8.  Defendant's physical health has clearly declined since she was originally sentenced in 2013.  See Dkt. No. 196, ¶¶ 88-91.

A defendant's concerns about COVID-19 exposure due to particular medical issues are typically alleviated by his or her transfer to home confinement.  See United States v. Martinez, 20-1983-cr (L), 20-2809-cr (CON), 2022 WL 200329, 2022 U.S. App. LEXIS 1931, *4 (2d Cir. 2022) (summary order) (holding that "transfer to home confinement addresses his COVID-19-based concerns because [the defendant] is no longer in prison where COVID-19 outbreaks have occurred"), citing United States v. Tagliaferri, 13 Cr. 115 (RA), 2019 WL 6307494, 2019 U.S. Dist. LEXIS 205103, *9-10 (S.D.N.Y. Nov. 25, 2019) (stating "although [the

defendant]'s request for compassionate release is not technically 'moot' as a legal matter," transfer to home confinement "obviated the need for granting him" compassionate release because his motion had been "based on his deteriorating health conditions and his need for medical care").

Even so, Defendant's array of medical ailments that result in her difficulty ambulating and reliance on others to assist in her transportation, as well as presumably frequent medical appointments and the very real possibility of hospitalization, will be more effectively dealt with should her more-restrictive home confinement be eliminated and her less-restrictive term of supervised release be ordered to commence. Moreover, Court recognizes that this motion is unique in that it is unopposed by the Government.

The Court further finds that the sentencing factors in 18 U.S.C. § 3553(a) now weigh in favor of compassionate release. Defendant has completed the majority of her sentence. Any dangerousness or public safety concerns voiced by the Court in August 2016[5] are mitigated by Defendant's myriad of health conditions and difficulty ambulating, which will limit her ability to interact with others. Moreover, the Court is not reducing—and Defendant does not ask it to—her 8-year term of supervised release. The Court still harbors some concerns stemming from the seriousness of her offense conduct and her criminal history spanning ages 19 through 54, which necessitates a lengthy period of supervision. *See generally* Dkt. Nos. 196, 300.

---

[5] *See* Dkt. No. 300 [Decision and Order on Defendant's motion for reconsideration of the Court's Order reducing Defendant's sentence]).

Accordingly, it is hereby **ORDERED** that Defendant's motion for compassionate release (Dkt. No. 347) is GRANTED, and her term of imprisonment is reduced to time served; and it is further

**ORDERED** that Defendant shall be released from the custody of the BOP to serve her 8-year term of supervised release, during which she shall be subject to all standard and special conditions of supervised release stated in the original judgment (Dkt. No. 198) and sentence in this case; and it is further

**ORDERED**, as set forth in the judgment of conviction, that Defendant must report to the Probation Office in the District to which she is released within 72 hours of her release from the custody of the Federal Bureau of Prisons; and it is further

**ORDERED** that the U.S. Probation Office shall prepare an amended judgment of conviction; and it is further

**ORDERED** that Defendant's release is stayed and this Decision and Order shall not go into effect until the United States Probation Office has verified that her proposed residence is appropriate and conveyed as much to the Court, at which time the Court will issue a Text Order alerting the parties that the stay is lifted.

**IT IS SO ORDERED.**

_____s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 10, 2023
         Buffalo, New York